MR. JUSTICE SHEEHY
dissenting:
In approving the attorneys fees of $3,000 here, the majority approves their pay at the rate of $20.75 per hour. That rate is unconscionable! It is unreasonable in the sense that it defies reason. It means that the successful attorney, if his client does not make up the difference, will have to sustain the deficiency, or recover a proper amount from other clients in his office by charging them greater fees to make up his loss.
Let me state a lesson in law office economics. A lawyer in private practice, five years out of law school, and not a parttime retiree, who is not grossing $30,000 a year in fees should seek some other business. At a point where a lawyer’s gross fees exceed $40,000 per year, he begins to be an economic unit. As a general rule of thumb, it can be assumed that from $40,000 to $ 100,000 per year in gross fees, his costs of doing business, including office rent, library, employees’ wages, and general office expenses will exhaust 50 percent of the gross fees that he will earn.
In theory, a lawyer who practices on a fee basis of charging for his time has a possible 2,000 hours per year for which he could send bills. In reality, however, the time a lawyer will spend in professional upgrading, community service, and general office management will reduce the billable time to clients to about 60 percent, or 1,200 hours per year. The minimum, therefore, that any lawyer worth his salt should charge for his time is $50 per hour. At that rate, there is no danger that he would accumulate much of an estate.
In this case, the attorneys possibly out of deference to the District Court, reduced the claimed fee of $50 per hour by 20 percent to *350 $40 per hour. It was the latter figure that gave rise to the fee of $5,773.20. Then, after finding that the fee the attorneys claimed was “most fair” the District Court sliced that fee nearly in half to a sum that I would consider most unfair. The reasons given by the District Court, and now endorsed by this Court for this slicing are that the plaintiff had attorneys who did not serve him properly or that the attorneys were not professional in their work for the plaintiff. The attorneys were selected by the plaintiff, yet it is the defendant and his attorneys who are required by the court to pay the price.
It is no answer to say that the claimed fee approached 100 percent of the lien claim against the defendant in this case. The defendant’s alternatives were to either hire an attorney and defend against a claim, or pay the $6,200.00. He had little choice.
I would reverse by reinstating the fee that the District Court found reasonable to be awarded here.